IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSEMARY REYNOLDS AND GLADYS DAVIS,    PLAINTIFFS
Individually and on behalf of all others
similarly situated

      v.            CASE NO. 1:12-CV-01105-SOH

THE BLM COMPANY, INC. d/b/a OAK RIDGE
NURSING HOME, LIESELOTTE S. OFFERGELD, and
BERYL A. BONEHILL, INDIVIDUALLY AND IN THEIR
CAPACITY AS OWNERS, MANAGERS, AND/OR OFFICERS
OF THE BLM COMPANY, INC.    DEFENDANTS

<u>AGREED PROTECTIVE ORDER</u>

      Upon consideration, the Court finds that the Motion for Protective Order (ECF No. 69) should be and hereby is **GRANTED**. The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

      1.    It is agreed that material produced by any of the parties, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information or documentation:

          a.    Counsel for plaintiffs and counsel for defendants who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

344516

      b.      The parties to the litigation, including officers of any corporate party, and their experts;

      c.      Witnesses during testimony and in the preparation for testimony at deposition or trial;

      d.      Mediator(s);

      e.      The Court and Court personnel; and

      f.      Any other individuals included by order of the Court.

Counsel for the parties shall take all reasonable steps necessary to advise any person to whom Confidential Information may be disclosed, or by whom they may be used, of the terms of this Order, including obtaining written acknowledgment from such person that such person has read this Order and will comply with its terms in all respects.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2.      The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

3.      A party may designate as "CONFIDENTIAL" portions of any deposition transcript in which materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter

sent by facsimile or email to opposing counsel within ten business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and, therefore, subject to this Protective Order until 5:00 p.m. Central Time on the tenth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the tenth business day after receipt of the transcript are excluded from the protections of this Protective Order.

    4.    A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials or the designation of deposition testimony must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

    5.    Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents. To the extent either party seeks to use the other party's Confidential Information either in open court, or in the text of a pleading or motion filed with the Court, the party agrees to request permission from the

344516

Court that such be done under seal. Nothing herein shall be construed to limit a party's use of its own Confidential Information in any way.

6. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

7. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual or party shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual or party shall use any of the information or documentation for any business or financial benefit of the individual or party.

8. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the other parties of the disclosure and take immediate action to prevent further disclosure. In the event any party is subpoenaed or otherwise required by legal process to disclose the information, that party shall immediately notify the other parties and provide them with an opportunity to object before any disclosure is made.

9. Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Materials subject to this Order shall assemble and destroy or return all Confidential Materials to the Producing Party. No originals, copies, summaries, or other embodiment of any such Confidential Materials will be retained by any person or entity to whom disclosure was made.

344516

**IT IS SO ORDERED**, this 30th day of June, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

APPROVED AS TO FORM:

John Holleman
Maryna Jackson
Timothy Steadman
HOLLEMAN AND ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
*jholleman@johnholleman.net*
*maryna@johnholleman.net*
*tim@johnholleman.net*

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, Tennessee 38104
*billy@donatilawfirm.com*

By:    */s/ Timothy A. Steadman*
       Timothy A. Steadman (Ark. Bar No. 2009113)
       *Attorneys for Plaintiffs*


ROSE LAW FIRM,
A PROFESSIONAL ASSOCIATION
120 East Fourth Street
Little Rock, AR 72201
(501) 375-9131 | Telephone
(501) 375-1309 | Facsimile
*dmartin@roselawfirm.com*
*vjones@roselawfirm.com*

By:    /s/ *Victoria H. Jones*
       David P. Martin (Ark. Bar No. 92241)
       Victoria H. Jones (Ark. Bar No. 2012144)
       *Attorneys for Defendants*

5

344516